Dear Registrar Wilson:
We are in receipt of your request for an Attorney General's opinion regarding the City Court of Alexandria. Your question is as follows:
 When annexation of land located inside Ward Two is fully completed to the City of Alexandria, will only that area affected by the annexation be allowed to vote in the upcoming Judge's race [office of Municipal Judge for the City of Alexandria], or will the whole ward be allowed to vote?
Your letter states that in the past all of Wards one (1) and eight (8) have been allowed to vote on the Municipal Judgeship, even though both of these wards are not completely inside the City of Alexandria. Additionally, you state that Attorney General Opinion No. 96-52 provided that the voters in Wards 9, 10, and 11 were to vote on the Municipal Judgeship held by the City of Pineville, and that while you realize that both of these districts are not governed by the same laws, that it is confusing.
The City Court of Alexandria was created by special legislative act, No. 72 of 1944, which provides in pertinent part:
 Section 1. Be it enacted by the Legislature of Louisiana that there is hereby established a Court to be styled `The City court of Alexandria, Louisiana,' whose territorial jurisdiction shall extend through Ward One of the Parish of Rapides, State of Louisiana, in which the City of Alexandria is located. Said Court shall be composed of a City Judge and a City Marshal who shall be elected by the duly qualified electors of said Ward One and whose terms of office shall be for a period of six years.
Thereafter, the City Court of Alexandria was specifically recognized in LSA-R.S. 13:1952(2) as follows:
 The following city courts, heretofore created and established by special legislative Act, are hereby recognized and continued in existence and, except as otherwise provided in this Section, their territorial jurisdiction shall extend through the city and ward or wards wherein the city in which they are domiciled is located, as extended from time to time:
 * * *
 (2) The City Court of Alexandria, domiciled in the city of Alexandria, parish of Rapides, having one judge and a city marshal;
 * * *
With regard to the City Court of Pineville, we have opined that "[L]SA-R.S. 13:1951 and 1951.1 work in conjunction to provide that Pineville shall have a city court judge whose jurisdiction extends throughout the wards of the city in which the court is domiciled and, as legislatively extended, throughout Ward Eleven of Rapides Parish." Atty.Gen.Op. 97-348, 96-52.
The election question is in part based on these state laws and on federal law. In Attorney General Opinion No. 01-248, we opined that "R.S. 13:1872
provides for the election of the city court judge by those voters within the city's boundaries, provided the necessary approval has been received from the Justice Department ". LSA-R.S. 13:1872 provides:
 A. (1) In all wards where city courts exist and in wards containing cities of more than five thousand inhabitants, the voters thereof shall elect a city judge,
Under federal law, 42 U.S.C. § 1973c, the extension of a city's boundaries by way of annexation must be approved by the United States Department of Justice under Section 5 of the Voting Rights Act or by a three judge court for the specific purpose of expanding the jurisdiction of the city court before same can be implemented, meaning before an election can be held using such new boundaries. See, U.S.A. v. State ofLouisiana, 952 F. Supp. 1151.
In Attorney General Opinion No. 01-248, copy enclosed, we reviewed the history of R.S. 13:1872 and 1952. In sum, it was our conclusion that, ingeneral, prior to 1980 if a city annexed into a ward, the office of justice of the peace was abolished ipso facto and thus, although the city court's boundaries did not include the entirety of the ward, it's jurisdiction extended throughout the ward. Otherwise, if that were not the case, the citizens of the ward would be without a justice of the peace and not within the jurisdiction of the city court. Additionally, we concluded that after the 1980 amendment to R.S. 13:1872 by Act 577, that since the law was changed to provide for the jurisdiction of the justice of the peace to cease in only that portion of the ward which was annexed into the city's boundaries, when a city annexes a portion of a ward, the city's jurisdiction extends only into that portion of the ward which was annexed into the city and the justice of the peace [if there is one] retains jurisdiction in the remainder of the ward. Obviously, where there is no justice of the peace in the ward, the city court's jurisdiction extends throughout the ward, even though the election boundaries of the city court only extend into a portion of the ward. We do recognize that there are some specific laws with regard to jurisdiction of city courts in R.S. 13:1952 which may not fall within this general conclusion.
In response to your question as to who votes on the office of judge for the Alexandria City Court where a portion of Ward two (2) is annexed into the city, it is our opinion that only those voters within the annexed portion of Ward two (2) will vote on the office, in addition to those voters in Wards one (1) and (8) who have historically voted on the office. We know from Act No. 72 of 1944 that Ward one (1) votes on the city court, and we can only assume that the voters of Ward eight (8) have voted on the office due to a past annexation, although we have no factual information with regard to this issue. Again, this opinion is contingent on the approval of the annexation of Ward two (2) by the U.S. Department of Justice or a three judge court for the purpose of the election of the city court judge.
If our office can be of further assistance, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb
OPINION NUMBER 01-248
September 13, 2001
24 — ELECTIONS — Conduct of Primaries General 56 — JUDGES 57 — JUSTICES OF THE PEACE
Voters within the precleared boundaries of the City of New Iberia will vote only on the city court offices and voters within the justice of the peace and constable ward which has not been annexed into the city will vote only on the offices of justice of the peace and constable.
Mildred L. Adams Registrar of Voters Parish of Iberia Courthouse Building — Suite 110 300 Iberia Street New Iberia, LA 70560-4543